HOOD, Judge
(dissenting).
I disagree with that part of the majority opinion which holds that Rev. Joseph Sharp, the owner of the Volkswagen bus, was negligent.
No authorities have been cited by any of the parties purporting to set out the duties owed by the owner of a motor vehicle to persons whom he allows or invites to ride in it, where the owner is not the driver and is not present when the accident occurs. I believe, however, that the owner must exercise substantially the same degree of care as is required of the driver, that is, he must exercise ordinary and reasonable care for the safety of gratuitous guest passengers in the vehicle. An act of negligence or fault on the part of the owner which constitutes a proximate cause of the accident, resulting in injury to such a passenger, gives rise to an action for damages against the owner under our general tort law. LSA-C.C. art. 2315; Morales v. Employers Liability Assurance Corp., 7 So.2d 660 (La.App. 1 Cir. 1942).
In this suit, the fact that the locking pins in the middle door of the bus did not operate was a circumstance which prevented that door from being locked as securely as it otherwise might have been. The evidence shows, however, that the spring latch on that door was adequate to keep it closed while children were being transported, and that the failure of the locking pins on that door to work did not cause or contribute in any way to the accident. The locking pins worked properly in the rear door. If the rear door had remained closed while the bus was being turned to its left on the highway, the spring latch would have kept the middle door closed also, and none of the doors on the bus would have flown open, and the accident would not have happened.
There can be only two explanations as to why both doors flew open when the bus turned to the left. One is that the rear door was not properly locked by Mrs. Simpson after the children boarded the bus at the DeSoto home just before the accident occurred. The second explanation is that someone in the bus turned the handle on the inside of the rear door after the bus left the DeSoto home, thus releasing the locking pins on that door and allowing both doors to fly open as the bus rounded the corner.
Mr. Williamson, an expert on vehicles of that type, testified that if the rear door of the bus was secured with locking pins at the time of the accident, then the only plausible explanation as to how the doors came open was that someone in the bus turned the handle on the inside of the rear door, unlocking that door and thus allowing that door and the middle door to fly open.
My colleagues have based their holding that Sharp was negligent largely on the statement by Williamson that even if the spring latch was engaged “the middle door could be opened by a hard kick or blow at the bottom of the door.” I agree that the middle door could have been made to spring open by a very hard blow from inside the bus to the bottom of the door. The evidence shows without contradiction, however, that there was no kick or blow to the bottom of the door. The girls in the bus were well behaved, they were not rowdy or boisterous, and none of them struck, pushed on or kicked the door at any time. Actually, Williamson indicated that none of the occupants of the bus had the strength or ability to kick or knock the middle door open. The spring latch on the middle door served to hold that door closed in the same manner as does the latch on any ordinary automobile.
The trial judge was convinced, I am convinced, and the majority of this court apparently is convinced, that Mrs. Simpson properly locked the rear door and the middle door of the bus after the children had boarded the bus for the return trip and be *247 fore the bus left the DeSoto home immediately prior to the accident. Mrs. Simpson and Mrs. DeSoto turned the handle inside the rear door, causing the pins in that door to be pushed into their proper locking positions. They then closed and secured the middle door by means of the spring latch on that door. After locking both doors in that manner, Mrs. Simpson pulled on the middle door to test it, and she and Mrs. DeSoto had children inside the bus push on the doors from the inside as a further check to see that the doors were properly closed. The evidence shows clearly, therefore, that when the bus left the DeSoto residence the rear door was locked, with the locking pins on that door in place, and the middle door was properly secured by its spring latch. There was no handle on the inside of the middle door, and the spring latch prevented the middle door from opening unless and until. the rear door was first opened. The rear and middle doors of the bus could not have come open, therefore, unless someone on the inside of the bus turned the handle of the rear door.
The majority states that Sharp “is to be charged with the knowledge that children of this age are often rowdy and playful and in view of the known faulty condition of the vehicle, the result occasioned could and should have been reasonably anticipated.” They do not find that the children were rowdy and playful in this instance, and indeed they could not make such a finding since the evidence shows clearly that they were not. But even if the children in the bus had been rowdy and had used the great force which would have been required to bend the middle door out of shape and cause the spring latch to give way, then only the middle door would have been forced open by their actions. The rear door would not have come open as a result of the suggested rowdiness. Since the rear door did fly open, the accident obviously was caused by something other than rowdiness on the part of the children. The evidence establishes that someone in the bus turned the handle of the rear door, and tbat that caused both doors to fly open.
If the middle door of the bus had been equipped with properly working locking pins and handles, that would not have prevented a child from turning the handle of that door and permitting it to fly open. If the majority concludes, as I think they must, that the doors flew open because an occupant of the bus turned the rear door handle, then they necessarily must conclude also that the defective locking mechanism in the middle door had nothing to do with the accident.
This is the first time the doors of the bus ever flew open. The spring latch in the middle door held that door closed securely on the trip from the church to the home of Mrs. DeSoto. It must be assumed that that latch would have held the door securely closed as the bus turned the corner if someone in the bus had not turned the handle and allowed the rear door to fly open. The defect in the locking mechanism of the middle door, therefore, was not a proximate cause, or a legal cause, or a cause-in-fact of the accident.
Mr. Sharp informed Mrs. Simpson, the driver of the bus, of the defect in the locking mechanism of the middle door, and he cautioned her to see that both the rear and middle doors were properly locked or latched before starting the bus. It is true that he did not caution the occupants of the bus to refrain from turning the handle, inside the rear door, but I think he could assume that children 11 years of age knew better than to open the door of a vehicle while it was in motion. If my colleagues mean to hold that Sharp should have cautioned the occupants not to turn the door handle while the bus was in motion, then in order to be consistent they will have to hold that in every instance where a person transports children in an automobile, or *248 even in a bus equipped with locking pins and other safety devices, he must warn them to not turn the door handles and to not open the door while the car is in motion.
The majority, in my opinion, has not followed the established jurisprudence relating to the duty which the owner or operator of an automobile owes to his guest passengers. Instead, after commenting that there has been a “relatively recent shift in analysis” by our Supreme Court on the question of negligence, my colleagues have sought to determine the “cause in fact” of the accident. After applying the “but for” rule, they concluded, erroneously I think, that “but for” the defect in the middle door of this bus the accident would not have occurred, and that the defect in that door thus was a “cause in fact” of this accident. They considered the questions of whether the defendant owner “breached a legal duty imposed (not a statutory provision) to protect against the particular risk involved,” and whether Sharp “owed a duty to Teresa respecting the general type of harm incurred.” They then turned to the questions of whether the risk of the doors of the bus suddenly opening allowing someone to fall onto the highway is “within the ambit of protection of a rule of law (not a statute) which would prohibit the use of a vehicle with defective door locking mechanisms,” and whether Sharp’s conduct “creates an appreciable range of risk for causing harm that is prohibited.” They reasoned that it was “reasonably foreseeable” that someone would fall out of this bus if it were used to transport young children, that Sharp was “charged with the knowledge that children of this age are often rowdy and playful,” and that plaintiff thus has established “legal and actionable negligence” on the part of Sharp.
I think my colleagues have become involved in such a maze of highly technical, and in some instances meaningless, legal phrases and theories that they have lost sight completely of the basic issues presented here, which are (a) whether the defect in the middle door of the bus caused the accident, and (b) whether the owner of the bus, knowing about the above-mentioned defect, was negligent in allowing the vehicle to be used to transport childrea
The majority begins with an erroneous assumption in applying the “but for” rule. They hold that “but for” the defect in the middle door the accident would not have happened. That is clearly erroneous. If they are to use the “but for” rule at all, then they must begin with the proper assumption that "but for” the act of an occupant in the bus in turning the handle of the rear door the accident would not have happened. If they make this correct assumption to begin with, rather than the incorrect one just pointed out, then there remains no basis for any of the technical and confusing legal phrases which make up a substantial part of the majority opinion.
I think the bus was perfectly safe for use in transporting young children as long as the rear door was locked with its locking pins and the middle door was latched with its spring latch. Sharp was careful to see that those precautions were taken, and in my opinion the bus was as safe as any automobile would be for carrying children. Even if the middle door had been equipped with door handles and locking pins, a child could have unlocked that door just as easy as the rear door was unlocked, and thus the same kind of accident could have occurred. In my opinion, the majority has erred in finding that Sharp was negligent.
If the majority should be correct in holding that Sharp was negligent, then it seems to me that they are bound to hold that Mrs. Simpson also was negligent. I, of course, feel that neither of them was negligent, but I mention this to emphasize the errors which I think were made in the majority opinion.
*249 Mrs. Simpson was specifically informed of the defect in the locking mechanism of the middle door. She knew as much about it as did Sharp. She permitted children to ride in the bus while she was aware of its condition, just as Sharp did, so if Sharp was negligent because he allowed children to ride in the bus she was at least as negligent as he was. She was not employed by Sharp, and she was not compelled in any way to take the children in the bus. If the defective middle door actually had anything to do with the accident, then there are other grounds, not applicable to Sharp, on which Mrs. Simpson might be charged with negligence. She failed, for instance, to take adequate precautions to see that the children did not open the rear door while the vehicle was moving, and she failed to make the occupants secure themselves in the bus so that they would not fall out in case the doors flew open, a danger which the majority feels should have been anticipated by Sharp. If that danger should have been anticipated by Sharp, then certainly it also should have been anticipated by Mrs. Simpson. She was in the bus with the children. She was the driver. She was present when the accident occurred. She had control over the children. Mr. Sharp was not present, and he had no control over the children while the trip was being made. As already noted, of course, I feel that neither Sharp nor Mrs. Simpson was negligent. But if my colleagues insist that Sharp was negligent for the reasons stated in the majority opinion, then it seems to me that they are compelled to hold that Mrs. Simpson also was negligent.
In my view, the sole cause of the accident was the act of one of the occupants of the bus in turning the door handle and allowing the rear door to open while the' bus was in motion. The accident was not caused by a defect in the door of the bus or by any act of Sharp or Mrs. Simpson.
For these reasons, I respectfully dissent from that part of the majority decree which partially reverses the trial court and holds that Mr. Sharp was negligent.